UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICHARD SHRECENGOST JR,

                Plaintiff,

v.                              **DECISION AND ORDER**
                                     14-CV-506S

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

      1.      Plaintiff Richard Shrecengost, Jr., challenges an Administrative Law Judge's ("ALJ") decision that Plaintiff was not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled due to depression since October 3, 2008. He contends that this medical condition renders him unable to work, and that he is therefore entitled to payment of Disability Insurance Benefits ("DIB") under the Act.

      2.      Plaintiff applied for DIB benefits on September 9, 2011. His claim was denied on November 11, 2011. Pursuant to Plaintiff's request, an administrative hearing was held before ALJ David S. Lewandowski on March 4, 2013, at which Plaintiff appeared with counsel and testified. ALJ Lewandowski considered the case *de novo*, and on March 27, 2013, issued a decision denying Plaintiff's application for DIB. On

1

May 1, 2014, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action on June 26, 2014, challenging Defendant's final decision.[1]

3. On November 14, 2014, Plaintiff filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket No. 8). Defendant filed her own motion for judgment on the pleadings on January 13, 2015. (Docket No. 10). After full briefing, this Court deemed oral argument unnecessary and took the motions under advisement. For the reasons set forth below, Defendant's motion is granted.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the

---

[1] The ALJ's March 27, 2013 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted

3

with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curium); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, ALJ Lewandowski determined that Plaintiff last met the insured status requirements of the Act on September 30, 3009. He then made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since October 3, 2008 (R. at 15);[2] and (2) Plaintiff's depression does not constitute a severe impairment within the meaning of the Act (R. at 15). The ALJ did not continue to steps three through five because, based on the record, the existence of a medically determinable impairment supported by medical signs or laboratory finding was not established at step two. Id. Thus, Plaintiff was not

---

[2] Citations to the underlying administrative record are designated as "R."

4

disabled, as defined by the Act, from October 3, 2008, through the date of his decision. (R. at 16).

10. Plaintiff argues that the sequential evaluation steps 2-5 should be completed because the ALJ incorrectly rejected a doctor's diagnosis of depression for the Plaintiff in determining that Plaintiff did not have a medically determinable impairment prior to Plaintiff's "date last insured." To be entitled to DIB, a claimant must be insured and must have been disabled during the insured period. See 42 U.S.C. § 423(a)(1)(A), 423(c); see also Arnone v. Bowen, 882 F.2d 34, 37-38 (2d Cir. 1989). Accordingly, Plaintiff bears the burden of establishing a severe impairment at step two by furnishing medical and other evidence of the existence thereof as the Commissioner may require, and will not be considered disabled if such evidence is not provided. See § 423(d)(5)(A). An "impairment" must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostics, as well as the severity of the impairment will be evaluated. See 20 CFR § 404.1520(a)(4)(ii); SSR 96-4p, 1996 WL 374187 (SSA July 2, 1996). The opinion of a treating physician on the nature or severity of an impairment is binding where supported by medical evidence and not contradicted by substantial evidence in the record. Selian v. Astrue, 708 F.3d 409, 418 (2d Cir. 2013). However, the mere fact that a diagnosis has been rendered will not, without more, be sufficient to establish a condition "severe." Flanigan v. Colvin, 21 F. Supp. 3d 285, 300 (S.D.N.Y. 2014); see also Zenzel v. Astrue, 993 F. Supp.2d 146, 152 (N.D.N.Y. 2012) ("mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment is not, by itself, sufficient").

Here, ALJ Lewandowski found that Plaintiff had not met his burden of producing evidence establishing the existence of a medically determinable impairment during the relevant period. (R. at 16). ALJ Lewandowski found that Plaintiff's date last insured was September 30, 2009. (R. at 15, 143). Plaintiff did not seek medical treatment until September 4, 2009, 25 days before the expiration of Plaintiff's date last insured, and almost one year after his onset date, October 3, 2008. (R. at 15-16). On September 4, 2009, Plaintiff's treating physician, Donald Gullickson, D.O., diagnosed Plaintiff with depression. (R. at 16, 245). Additionally, Plaintiff denied suicidal ideation and was alert and oriented to person, place and time. Id. Dr. Gullickson prescribed Plaintiff Zoloft for the depression. (R. at 16).Less than a month later, Plaintiff had a follow up with Dr. Gullickson on October 19, 2009, and stated he was "not as depressed." (R. 16, 243.) The ALJ's decision adequately reflects his reasoning that, although Plaintiff was diagnosed with depression, the subsequent office visit confirmed that the nature of this impairment was not severe. Flanigan v. Colvin, 21 F. Supp. 3d at 300; Zenzel v. Astrue, 993 F. Supp.2d at 152.

11. Plaintiff also argues that the ALJ failed to weigh the opinion of Dr. Wonhorn Park, Plaintiff's treating psychiatrist, who found that Plaintiff had significant mental impairments that would have existed for at least 12 months prior to a February 2013 examination. Plaintiff argues that, in light of the severity of these later findings, the ALJ should have considered whether Plaintiff's impairment began prior to his last insured date in September 2009.

Evidence regarding a claimant's condition subsequent to the date he or she was last insured may be pertinent to the severity and continuity of an impairment. Lisa v.

6

Sec'y of Dep't of Health & Human Servs., 940 F.2d 40, 44 (2d Cir. 1991). Here, however, even considering that Dr. Park's responses to a mental residual functional capacity questionnaire could be interpreted as opining that Plaintiff's mental impairment was in existence as early as February 2012, this assessment is still more than two years after Plaintiff's last insured date. (R. at 16, 291-95). Notably, Plaintiff did not begin treating with Dr. Park until 2012, around which time Plaintiff reported that his symptoms had worsened in the last six to eight months. (R. at 251, 270). As such, ALJ Lewandowski appropriately acknowledged there was medical evidence of Plaintiff's mental health impairments subsequent to the date last insured, but appropriately determined not to consider these records further and instead to rely on treatment records contemporaneous with Plaintiff's last insured date. Kameisha v. Colvin, – F.Supp.3d –, 2015 WL 1524433, *6 (N.D.N.Y. Apr. 3, 2015) (no error in an ALJ's decision not to give weight to records from examinations conducted three years after the claimant's last insured date where finding of no disability was supported by contemporaneous medical records).

12.     After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision, including objective medical evidence and medical opinions contained therein. This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering his decision that Plaintiff is not disabled within the meaning of the Act. Finding no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings and deny Plaintiff's motion seeking similar relief.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 10) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleading (Docket No. 8) is DENIED.

FURTHER, that the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: September 1, 2015
      Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge